IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARVINDER S. SANDHU, M.D. and KYPHON INC.,<br><br>                  Plaintiffs,<br><br>       v.<br><br>MEDTRONIC SOFAMOR DANEK, INC., MEDTRONIC SOFAMOR DANEK USA, INC., and SDGI HOLDING, INC.,<br><br>                  Defendants. | C.A. No. 06-mc-<br><br>C.A. No. 05-2863-JPM-dkv<br>(Western District of Tennessee) |

**PLAINTIFFS' AND NON-PARTY DR. MICHAEL R. MARKS' COMBINED MOTION AND SUPPORTING MEMORANDUM OF LAW FOR A PROTECTIVE ORDER AND TO QUASH DEFENDANTS' SUBPOENA TO DR. MICHAEL MARKS PURSUANT TO FED. R. CIV. P. 26(c) AND 45(c)**

FISH & RICHARDSON P.C.
Thomas L. Halkowski (DE #4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

WYATT, TARRANT & COMBS, LLP
Glen G. Reid, Jr. (TN #8184)
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120
Tel: (901) 537-1000
Fax: (901) 537-1010

Attorneys for Plaintiffs
HARVINDER S. SANDHU, M.D. and
KYPHON INC., and Non-Party
MICHAEL R. MARKS, M.D.

DATED: September 25, 2006

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT.........................................................................................................2

      A.    MSD's Subpoena to Dr. Marks Fails to Comply with
           Rule 45 of the Federal Rules of Civil Procedure ........................................2

      B.    MSD's Subpoena to Dr. Marks Improperly Subjects Dr.
           Marks and Plaintiffs to Undue Burdens.......................................................4

III.  CONCLUSION......................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Crawford-El v. Britton*,
    523 U.S. 574 (1998)................................................................................................4

*FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*,
    636 F.2d 1300 (D.C. Cir. 1980) ............................................................................3

*Harrison v. Prather*,
    404 F.2d 267 (5th Cir. 1968) ................................................................................3

*Hickman v. Taylor*,
    329 U.S. 495 (1947)..............................................................................................4

*Kyphon v. Disc-O-Tech Medical Technologies, Ltd.*,
    C.A. No. 04-204-JJF (D.Del. 2004)......................................................................5

*Micro Motion, Inc. v. Kane Steel Co.*,
    894 F.2d 1318 (Fed. Cir. 1990).............................................................................4

*Seattle Times Co. v. Rhinehart*,
    467 U.S. 20 (1984)................................................................................................4

*United States v. Philip Morris Inc.*,
    312 F. Supp. 2d 27 (D.D.C. 2004) ........................................................................3

*Lewis v. United States*,
    Case No. 02-2958 *B/AN*, 2004 WL 3254734 (W.D. Tenn. Dec. 15, 2004).............6

*Lone Star Industries, Inc. v. River's Bend Red-E-Mix, Inc.*,
    *Case Nos. Civ. A. 90-2349-V, CIV. A. 90-2350-V*,
    1992 WL 752147 (D. Kan. Oct. 6, 1992) .............................................................6

*TBG, Inc. v. Bendis*,
    *Case No. Civ. A. 89-2423-EEO*,
    1993 WL 831305 (D. Kan. Feb. 13, 1993) ...........................................................6

*Woodyard v. Provident Life & Acc. Insurance Co.*,
    *Case No. Civ. A. 97-2062*, 1998 WL 158744 (E.D. La. March 30, 1998)...............3

### FEDERAL STATUTES

Fed. R. Civ. P. 26(c) .................................................................................................1, 2, 4

Fed. R. Civ. P. 30(d)(2).....................................................................................................6

Fed. R. Civ. P. 45.....................................................................................................1, 2, 3, 4

ii

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

Fed. R. Civ. P. 45(c) ...........................................................................................2

Fed. R. Civ. P. 45(a)(2)........................................................................................2

Fed. R. Civ. P. 45(b)(1).........................................................................................3

Fed. R. Civ. P. 45(c)(3)(A)(iv) ............................................................................4

Fed. R. Civ. P. 45(c) ...........................................................................................2

## OTHER AUTHORITIES

W.D. Tenn. L.R. 7.2(a)(2) ...................................................................................5

Pursuant to Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, Plaintiffs Harvinder S. Sandhu, M.D. and Kyphon Inc. and Non-Party Dr. Michael R. Marks move for a protective order and to quash Defendants Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.'s ("MSD's") subpoena to Dr. Marks. The subpoena from MSD subjects Dr. Marks and Plaintiffs to undue burdens and fails to comply with multiple basic requirements of Fed. R. Civ. P. 45 – *e.g.*, a failure to issue the subpoena from a Court within 100 miles of Dr. Marks' Connecticut location and a lack of any personal service upon Dr. Marks. Thus, Plaintiffs and Dr. Marks respectfully request that the Court issue an order quashing the subpoena and protecting against the undue burdens imposed by MSD's subpoena.

## I.     INTRODUCTION

The underlying litigation between Plaintiffs and MSD currently pending in the United States District Court for the Western District of Tennessee, Civil Action No. 05-2863-JPM-dkv [*hereinafter* "the Tennessee Litigation"] involves Plaintiffs' trade secret misappropriation and patent infringement claims against MSD relating to methods and devices for surgically treating fractures in the spine. Plaintiffs have engaged as a technical expert third party Dr. Michael R. Marks, Chief of Staff at Norwalk Hospital in Connecticut who has been a practicing orthopedic surgeon for nearly two decades.

On August 24, 2006, pursuant to the protective order negotiated by the parties and entered by the court in the Tennessee Litigation, Plaintiffs notified MSD of their intention to disclose to Dr. Marks confidential materials for the purpose of the litigation pending in Tennessee. MSD objected to any such disclosure, and thereafter maintained its objection despite Plaintiffs' complying with each of MSD's multiple demands for additional documents and information. MSD's objection compelled Plaintiffs, on September 19, 2006, to file a motion in the Tennessee court, seeking an order to allow Dr. Marks access to confidential materials under the protective order. [Ex A to the Declaration of Thomas L. Halkowski in Support of Plaintiffs' and Non-Party Dr. Michael R. Marks' Combined Motion and Supporting Memorandum of Law for a Protective Order and to Quash Defendants' Subpoena to Dr. Michael Marks Pursuant to

Fed. R. Civ. P. 26(c) and 45(c) ("Halkowski Decl.") filed herewith.]  MSD responded by sending

Plaintiffs' counsel a letter enclosing a copy of the subpoena to and Notice of Deposition of Dr.

Marks, demanding that Dr. Marks, a non-party to the Tennessee Litigation, appear for deposition

on September 26, 2006, and produce various documents.  [Halkowski Decl. Ex. B.]  In the letter,

MSD purports to be open to another "mutually agreeable time" for the deposition, but only if

Plaintiffs first agree to extend the deadline for Defendants' response to Plaintiffs' pending

motion in the Tennessee court.[1]  [*Id.*]

      MSD's subpoena fails to comply with the basic requirements of Rule 45 of the Federal

Rules of Civil Procedure.  It was neither issued from the court having subpoena power over Dr.

Marks nor properly served upon Dr. Marks.  Moreover, if Dr. Marks is approved to view

materials under the Protective Order and he provides a written report in the Tennessee Litigation,

MSD's subpoena will result in Dr. Marks being subjected to the undue burden of multiple

depositions.  MSD has offered no good reason to impose such burdens upon Dr. Marks, who has

an extremely demanding clinical schedule.  MSD's subpoena to Dr. Marks is also delaying the

briefing of Plaintiffs' motion to permit Dr. Marks access to confidential materials and, thus, is

stalling the expert discovery process in the Tennessee Litigation.  Therefore, pursuant to Rule

45(c) of the Federal Rules of Civil Procedure, Dr. Marks' respectfully requests that the Court

quash MSD's subpoena and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

Plaintiffs and Dr. Marks also seek a protective order prohibiting MSD from taking the discovery

noticed in the September 19, 2006 subpoena to Dr. Michael Marks.

## II.    ARGUMENT

### A.    MSD's Subpoena to Dr. Marks Fails to Comply with Rule 45 of the Federal Rules of Civil Procedure

      MSD's subpoena to Dr. Marks issued from the wrong court.  Rule 45 of the Federal

Rules of Civil Procedure provides that "[a] subpoena for attendance at a deposition shall issue

---

[1]  MSD's effort to further delay Plaintiffs' preparation of its case is unacceptable.  In an effort to resolve this matter without the need for intervention by the Court, Plaintiffs met and conferred with MSD.  MSD, however, declined to unconditionally withdraw its subpoena.

2

from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken." Fed. R. Civ. P. 45(a)(2). MSD's subpoena to Dr. Marks purports to issue from this Court, but requires an appearance and document production in Connecticut – well outside this Court's subpoena power. [Halkowski Decl. Ex. B (commanding appearance and production of documents at "Coastal Orthopaedics, 40 Cross Street, Suite 300, Norwalk, CT 06851").] For this reason alone, MSD's subpoena to Dr. Marks must be quashed. *See Woodyard v. Provident Life & Acc. Ins. Co.*, Case No. Civ.A. 97-2062, 1998 WL 158744, at *2 (E.D. La. March 30, 1998) (noting that the Rule 45 subpoena must be quashed for various deficiencies, including the issuance from the court having no subpoena power over the witness).

MSD's subpoena to Dr. Marks was also not properly served. Rule 45 expressly requires a subpoena to be served by personally delivering a copy to the person named therein. Fed. R. Civ. P. 45(b)(1) ("Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."); *see also FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) (noting that Rule 45 "does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwelling place); *cf. In re Smith*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989) (finding that under Rule 45, the court had no discretion to permit alternative service even when a party had difficulty effecting service).[2] Instead of complying with the service requirement of Rule 45, MSD simply sent Plaintiffs' counsel a letter enclosing a copy of the subpoena to and Notice of Deposition of Dr. Marks, informing Plaintiffs' counsel that MSD will take the deposition of Dr. Marks on September 26, 2006. [Halkowski Decl. Ex. B.] MSD did not even bother to inquire whether Plaintiffs' counsel would accept service on behalf of Dr.

---

[2] *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (holding that service of a subpoena *duces tecum* on a witness's attorney rather than the witness himself "renders such service a nullity"); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37-38 (D.D.C. 2004) (granting motion to quash and finding that leaving deposition subpoenas at the mail room or with support staff rather than personally serving the subpoena on the witnesses violated Rule 45); *Woodyard*, 1998 WL 158744, at *2 (quashing Rule 45 subpoena that was served on defendant's attorney, not on defendant).

Marks. Therefore, MSD's subpoena to Dr. Marks violates the personal service requirement of Rule 45 and must also be quashed for this reason.

**B.    MSD's Subpoena to Dr. Marks Improperly Subjects Dr. Marks and Plaintiffs to Undue Burdens**

While the Federal Rules of Civil Procedure allow broad discovery, a right to discovery is not unlimited. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). "Even if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990). "It is clear from experience that pretrial discovery by depositions . . . has a significant potential for abuse." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). As such, Rule 26(c) of the Federal Rules of Civil Procedure authorizes courts to, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had[.]" Fed. R. Civ. P. 26(c); *see also Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) (noting that the court may "even bar discovery altogether on certain subjects, as required 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'") (quoting Fed. R. Civ. P. 26(c)). When discovery involves a non-party, Rule 45 mandates that the court from which the subpoena was issued ***must*** quash or modify the subpoena if it "subjects a person to an undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv); *see also Micro Motion*, 894 F.2d at 1322-23.

MSD's deposition subpoena to Dr. Marks subjects both Plaintiffs and Dr. Marks to undue burdens and is wholly unnecessary. On August 24, 2006, pursuant to paragraph 20 of the protective order in the Tennessee Litigation, Plaintiffs notified MSD of Plaintiffs' intention to disclose to Dr. Marks confidential materials, including attorneys-eyes-only materials, and provided Dr. Marks's curriculum vitae and certification to abide by the protective order. [Halkowski Decl. Ex. A, at Ex. 2.] MSD objected to the disclosure on the basis of Dr. Marks'

4

consultation for Plaintiff Kyphon and Soteira, a small medical device start-up company. MSD objected despite the fact that Dr. Marks' consulting relationships are limited in nature, and despite the fact that Dr. Marks had previously served as an expert and abided by a protective order issued by this Court in *Kyphon v. Disc-O-Tech Medical Technologies, Ltd.*, C.A. No. 04-204-JJF – a prior action involving three of the same Kyphon patents at issue in the Tennessee Litigation. After Plaintiffs complied with MSD's multiple demands for additional information, MSD maintained its objection, yet failed to articulate a specific concern regarding what information Dr. Marks would be tempted to misuse and how any such information would likely be improperly disclosed. [*See generally*, Halkowski Decl. Ex. A.] Therefore, on September 19, 2006, Plaintiffs were compelled to file a motion in the Tennessee court seeking an order to allow Dr. Marks access to confidential materials produced in the Tennessee Litigation. [*Id.*]

MSD then sent out a subpoena demanding discovery from Dr. Marks *before* MSD's response to Plaintiffs' motion for access in the Tennessee court is due.[3] [Halkowski Decl. Ex. B.] The subpoena purports to seek discovery that will somehow support MSD's generic objections to Dr. Marks viewing confidential material subject to the provisions of the Protective Order in the Tennessee Litigation. Despite MSD's objections,[4] in an effort to resolve the issue without involving the court and to move discovery forward, Plaintiffs had already complied with multiple requests for additional information from MSD and provided MSD with extensive additional materials concerning Dr. Marks, including expired contracts and timesheets for work performed years ago. No reasonable basis exists to subject Dr. Marks, a practicing surgeon and Chief of Staff at Norwalk Hospital in Connecticut who has an extremely demanding clinical

---

[3] Under the local rules of the Western District of Tennessee, MSD's response to Plaintiffs' motion must be filed within fifteen days after service of the motion. W.D. Tenn. L.R. 7.2(a)(2).

[4] Again, MSD has identified no specific concern and articulated no reason as to why Dr. Marks would not abide by the protective order entered in the Tennessee Litigation, just as he abided by the protective order entered by this Court in a prior litigation against another Kyphon competitor.

schedule, to a deposition to determine whether he is capable of keeping his promise to abide by the protective order.

Moreover, if Dr. Marks' is approved under the Protective Order governing the Tennessee suit, MSD's deposition of Dr. Marks now will result in him being subjected to multiple depositions. Indeed, Defendants' Notice of Deposition purports to "reserve any questions they may have about the merits of the case for another deposition, if and when Dr. Marks ultimately becomes a witness in the lawsuit." [*Id.*] Subjecting Dr. Marks to multiple depositions, including one on topics that Defendants admit to have nothing to do with "the merits of the case," imposes an undue burden on Dr. Marks. Fed. R. Civ. P. 30(d)(2) ("Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours."); *see Lewis v. United States*, Case No. 02-2958 B/AN, 2004 WL 3254734, at *1 (W.D. Tenn. Dec. 15, 2004) (noting that "[a] person may be subjected to undue burden if they are required to attend more than one deposition").[5] Thus, MSD's subpoena would impose an undue burden[6] that outweighs MSD's need for yet more information concerning Dr. Marks, especially given that Plaintiffs have previously responded to each of MSD's requests for information and documents concerning Dr. Marks' consulting work, and given that there is simply no reason to doubt that Dr. Marks will abide by the protective order issued by the Tennessee court.

---

[5]  *See TBG, Inc. v. Bendis*, Case No. Civ. A. 89-2423-EEO, 1993 WL 831305, at *1 (D. Kan. Feb. 13, 1993) ("Scheduling a second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense."); *Lone Star Industries, Inc. v. River's Bend Red-E-Mix, Inc.*, Case Nos. Civ. A. 90-2349-V, Civ. A. 90-2350-V, 1992 WL 752147, at *2 (D. Kan. Oct. 6, 1992) ("In the absence of an agreement by the parties or some exceptional circumstance, the court will generally not require a deponent to appear for a second deposition.").

[6]  In addition to unduly burdening Plaintiffs by harassing the technical expert they have engaged as discussed above, Plaintiffs are burdened with having to respond to MSD's remarkable demand for discovery from Dr. Marks prior to issuance of any opinion or report and having to substantially delay the preparation of its case.

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs and Dr. Marks respectfully request that: (i) MSD's subpoena to Dr. Marks be quashed; and/or (ii) a protective order be issued prohibiting MSD from taking the discovery demanded by MSD's September 19, 2006, subpoena.


Dated:  September 25, 2006                          FISH & RICHARDSON P.C.


                                          By: _Thomas L. Halkowski_____

                                              Thomas L. Halkowski (DE #4099)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE 19899-1114
                                              Tel: (302) 652-5070
                                              Fax: (302) 652-0607

                                              Frank E. Scherkenbach
                                              225 Franklin Street
                                              Boston, MA  02110-2804
                                              Tel: (617) 542-5070
                                              Fax: (617) 542-8906

                                              WYATT, TARRANT & COMBS, LLP
                                              Glen G. Reid, Jr. (TN #8184)
                                              1715 Aaron Brenner Drive, Suite 800
                                              Memphis, TN 38120
                                              Tel: (901) 537-1000
                                              Fax: (901) 537-1010


                                              Attorneys for Plaintiffs
                                              HARVINDER S. SANDHU, M.D. and
                                              KYPHON INC., and
                                              Non-Party MICHAEL R. MARKS, M.D.


                                          7

## <u>CERTIFICATE OF CONSULTATION</u>

I, Thomas L. Halkowski, as counsel for Plaintiffs, certify that on September 22, 2006, my co-counsel Glen G. Reid, Jr. states that he consulted with Bradley Trammell, counsel for Defendants, and was advised that Defendants would not withdraw the September 19, 2006, subpoena to Dr. Marks and would oppose a motion by Plaintiffs for a protective order and/or to quash the subpoena.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September 2006, a true and correct copy of **PLAINTIFFS' AND NON-PARTY DR. MICHAEL R. MARKS' COMBINED MOTION AND SUPPORTING MEMORANDUM OF LAW FOR A PROTECTIVE ORDER AND TO QUASH DEFENDANTS' SUBPOENA TO DR. MICHAEL MARKS PURSUANT TO FED. R. CIV. P. 26(c) AND 45(c)** was served on the attorneys of record via e-mail and first class mail:

**Leo Maurice Bearman, Jr.**
**Bradley E. Trammell**
BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ
First Tennessee Bank Building
165 Madison Ave., Ste. 2000
Memphis, TN 38103
901-526-2000
Fax: 901-577-0717

**Michael A. O'Shea**
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave, N.W.
Washington, DC 20036
202-887-4570

**Michael Simons**
AKIN GUMP STRAUSS HAUER & FELD LLP
300 W 6th St
Ste 2100
Austin, TX 78701
512-499-6253

**Steven M. Zager**
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana
44th Floor
Houston, TX 77002
713-220-5800

Attorneys for Defendants

MEDTRONIC SOFAMOR
DANEK, INC.

MEDTRONIC SOFAMOR
DANEK USA, INC.

SDGI HOLDINGS, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HARVINDER S. SANDHU, M.D. and KYPHON INC., <br><br><br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC SOFAMOR DANEK, INC., MEDTRONIC SOFAMOR DANEK USA, INC., and SDGI HOLDING, INC., <br><br><br><br> Defendants. | Civil Action No. 05-2863-JPM-dkv (Western District of Tennessee) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' AND NON PARTY DR. MICHAEL R. MARKS' MOTION FOR A PROTECTIVE ORDER AND TO QUASH DEFENDANTS' SUBPOENA TO DR. MICHAEL MARKS**

This matter came before the undersigned on the combined motion of Plaintiffs Harvinder S. Sandhu, M.D. and Kyphon Inc. and Non Party Dr. Michael Marks for a protective order and to quash Defendants Medtronic Sofamor Danek, Inc., Medtronic Sofamor Danek USA, Inc., and SDGI Holdings, Inc.'s subpoena to Dr. Michael Marks dated September 19, 2006.

Having considered the filings and arguments of the parties and the relevant law and facts, Plaintiffs' and Non Party Dr. Michael Marks' motion for a protective order and to quash Defendants' subpoena to Dr. Michael Marks is hereby GRANTED.  Defendants' subpoena to Dr. Marks is quashed, and Defendants shall not take the discovery noticed in Defendants' September 19, 2006 subpoena to Dr. Marks.

IT IS SO ORDERED.


Dated: _____, 2006          _____

United States District Court Judge